**Electronically Filed
Supreme Court
SCMF-20-0000152
29-NOV-2021
02:34 PM
Dkt. 161 ORD**

SCMF-20-0000152

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

In the Matter of the Judiciary's Response
to the COVID-19 Outbreak

SECOND EXTENSION OF ORDER REGARDING TEMPORARY SUSPENSION
OF THE TIME REQUIREMENTS UNDER HAWAIʻI RULES OF PENAL PROCEDURE
RULE 5(c)(3)
(FIRST CIRCUIT)
(By: Recktenwald, C.J., Nakayama, McKenna, and Eddins, JJ.,
and Wilson, J., dissenting[1])

      The COVID-19 pandemic has caused a public health emergency. In response to the declared state of emergency, the Judiciary postponed non-urgent court business and limited in-person proceedings in an effort to ensure the health and safety of court users and Judiciary personnel, and to minimize the risk of spreading COVID-19 in the courts. As COVID-19 cases remained

---

    [1] See Dissent to Amended Order Re: Felony Defendants (Filed August 18, 2020); Order Re: Petty Misdemeanor, Misdemeanor, and Felony Defendants at Maui Community Correctional Center, Hawaiʻi Community Correctional Center, and Kauaʻi Community Correctional Center (Filed August 24, 2020); Order Re: Petty Misdemeanor, Misdemeanor, and Felony Defendants (Filed August 27, 2020); and Order Denying Petitioner's "Motion to Compel Compliance with This Court's Orders" (Filed September 1, 2020). The Dissent was filed on February 18, 2021, in SCPW-20-0000509. See also Dissent Re: Order Regarding Temporary Extension of the Time Requirements Under Hawaiʻi Rules of Penal Procedure Rule 10(a), (b), and (c) (Circuit Court of the Third Circuit), filed on June 1, 2021.

low, court operations resumed in accordance with public health safety guidance, and to the extent possible with available resources.  Criminal proceedings have proceeded in-person and by video conference in accordance with court rules and as feasible.

In mid-July 2020, there was a surge of COVID-19 cases in Hawaiʻi, and particularly within our community correctional centers and facilities, including at the Oʻahu Community Correctional Center ("OCCC"), where inmates were being held in quarantine and the transport to court of custody defendants was suspended.  At the time, in a letter to the court, the Office of the Public Defender requested the temporary suspension of, *inter alia*, Hawaiʻi Rules of Penal Procedure Rule 5(c)(3),[2] noting that defendants released from OCCC on bail or otherwise may need to quarantine and comply with isolation requirements, and that allowing the courts to continue matters for non-custody defendants would assist in those endeavors.

On August 27, 2020, this court entered an order temporarily suspending the time requirements set forth under HRPP Rule 5(c)(3) for First Circuit criminal matters.  The order

---

[2]  HRPP Rule 5(c)(3) provides the following time requirements for a preliminary hearing:

> The court shall conduct the preliminary hearing within 30 days of initial appearance if the defendant is not in custody; however, if the defendant is held in custody for a period of more than 2 days after initial appearance without commencement of a defendant's preliminary hearing, the court, on motion of the defendant, shall release the defendant to appear on the defendant's own recognizance, unless failure of such determination or commencement is caused by the request, action or condition of the defendant, or occurred with the defendant's consent, or is attributable to such compelling fact or circumstance which would preclude such determination or commencement within the prescribed period, or unless such compelling fact or circumstance would render such release to be against the interest of justice.

was extended as conditions required.  The order expired on May 31, 2021, when the statewide positivity rate and hospitalizations had stabilized, and there was reported to be no active COVID-19 cases at OCCC.

Since then, the rate of positive COVID-19 cases and hospitalizations on Oʻahu, and within our community correctional facilities, have continued to fluctuate.  In early August 2021, statewide infection and hospitalization rates surged, with record numbers of positive cases and rapidly increasing hospitalizations being reported.  It was therefore necessary to temporarily suspend the time requirements set forth under HRPP Rule 5(c)(3) for First Circuit criminal matters.

On August 19, 2021, this court entered the "Order Regarding Temporary Suspension of the Time Requirements Under Hawaiʻi Rules of Penal Procedure Rule 5(c)(3) (First Circuit)," which provided that the First Circuit may temporarily extend the time requirements for preliminary hearings no longer than reasonably necessary to protect public health and safety, while encouraging judges to follow the time requirements under HRPP Rule 5(c)(3) to the extent possible and to utilize remote technology as feasible.  As pandemic-related restrictions and conditions remained in place, this court extended the provisions of the August 19, 2021 order.  Currently, the August 19, 2021 order expires on November 30, 2021.

As the pandemic conditions continue to evolve and impact our community, health and safety precautions continue to remain in place.  Given the fluidity of these conditions, flexibility and vigilance in adapting to these extraordinary circumstances is vital, and the continued need to protect court users and Judiciary personnel during this unprecedented time

3

remains paramount.  Thus, an extension of the August 19, 2021 order for First Circuit criminal matters is necessary.

Accordingly, pursuant to article VI, section 7 of the Hawai'i Constitution and Hawai'i Revised Statutes §§ 601-1.5 and 602-5(a)(6), and Governor David Y. Ige's Emergency Proclamations,

IT IS HEREBY ORDERED that the August 19, 2021 "Order Regarding Temporary Suspension of the Time Requirements Under Hawai'i Rules of Penal Procedure Rule 5(c)(3) (First Circuit)" for First Circuit criminal matters is extended until January 28, 2022, unless otherwise modified or extended.

Dated:  Honolulu, Hawai'i, November 29, 2021.

/s/ Mark E. Recktenwald
/s/ Paula A. Nakayama
/s/ Sabrina S. McKenna
/s/ Todd W. Eddins

